UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:

DARRIN D. RAINES

Debtor(s)

Chapter 13
Case No. 15-02951

Judge JACQUELINE P. COX

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on May 11 2020, at the hour of 9:00 A.M., I shall appear telephonically before the Honorable Judge JACQUELINE P. COX, Room 680, of the McKinley Dirksen Building, 219 South Dearborn Street, Chicago, Illinois, and then and there move the Court pursuant to the attached Motion, at which time and place you may appear if you see fit.

*/s/ Timothy R. Yueill*
By: Timothy R. Yueill, Esq.

**Served upon the following parties electronically:**
CHARLES L. MAGERSKI, SULAIMAN LAW GROUP, LTD, 900 JORIE BOULEVARD, SUITE 150, OAK BROOK , IL 60523 - Counsel for Debtor(s)
TOM VAUGHN, 55 E. MONROE ST., STE 3850, CHICAGO, IL 60603 - Trustee
PATRICK S. LAYNG 219 S. DEARBORN ST., ROOM 873, CHICAGO, IL 60604 - U.S. Trustee
**and served upon the following parties by mail:**
DARRIN D. RAINES, 11601 S LONGWOOD DRIVE, CHICAGO, IL 60643 - Debtor
YOLONDA RAINES, 11601 S LONGWOOD DRIVE, CHICAGO, IL 60643 - Co-Debtor
**\*GENERAL ORDER NO. 20-03 Court Proceedings During COVID-19 Public Emergency Notice\***
Please note that pursuant to General Order No.20-03, Paragraph 6, :

a. Every notice of motion must state that a party who objects to the motion and wants it called must file a Notice of Objection no later than two (2) business days before the presentment date. If a motion noticed for presentment on or after March 30, 2020 has already been filed as of the date of this order, the movant must file and serve an amended notice of motion containing this information.
b. A Notice of Objection need only say that the respondent objects to the motion. No reasons need to be given for the objection.
c. If a Notice of Objection is timely filed, the motion will be called on the presentment date.
d. If no Notice of Objection is timely filed, the court may grant the motion without a hearing before the date of presentment.
e. Local Rule 9013-I(D) governing service of motions is suspended in part. All motions must be served at least seven (7) days before the date of presentment, regardless of the method of service. f. Any matter not subject to a deadline in the Bankruptcy Code or Bankruptcy Rules may be continued to another date by agreement of the parties. To obtain a continuance, the parties should contact chambers.

<u>Certification of Service</u>

    I, the undersigned, an attorney, hereby certified that I have served a copy of this Notice along with the attached Motion upon the parties listed above, as to the Trustees and Debtor(s)' counsel via electronic through ECF on April 22, 2020 and as to the Debtor(s) by causing same to be mailed in a properly addressed envelope, postage prepaid, in the U.S. Mail Chute at 175 North Franklin, Chicago, Illinois, before the hour of 5:00 p.m., on April 22, 2020 .

    By: */s/ Timothy R. Yueill*

**LAW OFFICES OF IRA T. NEVEL, LLC**
Ira T. Nevel
Timothy R. Yueill
Greg Elsnic
Richard Drezek
Nathan J. Buikema
Aaron Nevel
175 North Franklin St. Suite 201
Chicago, Illinois  60606
(312) 357-1125
Pleadings@nevellaw.com
MO
# 16-02777
**THIS FIRM IS A DEBT COLLECTOR**

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:

DARRIN D. RAINES

Debtor(s)

Chapter 13
Case No. 15-02951

Judge JACQUELINE P. COX

## MOTION FOR RELIEF FROM AUTOMATIC STAY AND CO-DEBTOR STAY

NOW COMES MTGLQ Investors, LP, a secured creditor herein, by and through its counsel, LAW OFFICES OF IRA T. NEVEL, LLC and moves this Honorable Court for an Order granting relief from the Automatic Stay and Co-Debtor Stay in effect as to this creditor, and in support thereof, states as follows:

1. Jurisdiction is proper and venue is fixed in this Court with respect to these parties.

2. The Debtor herein filed a Petition under Chapter 13 of Title 11, United States Bankruptcy Code on January 29, 2015.

3. Said Creditor is a mortgagee lien holder on the real property commonly known as 11601S LONGWOOD DR, CHICAGO, IL 60643.

4. The debtor has executed and delivered or is otherwise obligated with respect to that certain promissory note (the "Note"). A copy of the Note is attached hereto as Exhibit A. Movant is an entity entitled to enforce the Note.

5. Pursuant to that certain Mortgage (the "Mortgage"), all obligations (collectively, the "Obligations") of the Debtor under and with respect to the Note and the Mortgage are secured by the Property. A copy of the Mortgage is attached hereto as Exhibit B.

6. All rights and remedies under the Mortgage have been assigned to the Movant pursuant to that certain assignments of mortgage, copies of which are attached hereto as Exhibit C-1, C-2.

7. That enforcement of said security interest has been stayed automatically by operation of 11 U.S.C. §362 of the Bankruptcy Code.

8. The Chapter 13 Plan herein provides for the cure of the default of said mortgage and maintenance of current payments during the pendency of the proceedings.

9. Pursuant to the Plan, the Debtors are to disburse the post-petition monthly mortgage payments directly to this Creditor.

10. That this Creditor is entitled to relief from the Automatic Stay under 11 U.S.C. §362(d) as the Debtors are past due for the October 1, 2019 payment through and including March 1, 2020. Payments are in the sum of (10/1/19-12/1/19) $1455.29 and (1/1/20-3/1/20) $1454.71 each, with the total post-petition default through and including March 1, 2020 in the amount of $8730.00 (with $1162.39 being held in suspense).

11. Further, the Creditor is seeking relief from the Co-Debtor stay, pursuant to 11 U.S.C. §1301, as to an underlying co-mortgagor and co-obligor, Yolanda Raines, as prejudice will continue by forcing this Creditor to service this loan under bankruptcy protection restrictions.

12. In addition to the other amounts due to Movant reflected in this Motion, as of the date hereof, in connection with seeking the relief requested herein, Movant has also incurred $850 in legal fees and $181 in costs. Movant reserves all right to seek an award or allowance of such fees and expenses in accordance with applicable loan documents and related agreements, the Bankruptcy Code and otherwise applicable law.

13. That this Court has the authority to order that Rule 4001(a)(3) is not applicable to the Order entered in granting this Motion, and this Creditor requests this Court to so order.

WHEREFORE, this Creditor, MTGLQ Investors, LP, prays that this Court enter an Order, pursuant to 11 U.S.C. §362(d) and §1301, granting relief from the Automatic Stay and for such other additional relief as this Court may deem fit.

/s/ Timothy R. Yueill
By: Timothy R. Yueill, Esq.
Counsel for MTGLQ Investors, LP

**LAW OFFICES OF IRA T. NEVEL, LLC**
Ira T. Nevel
Timothy R. Yueill
Greg Elsnic
Richard Drezek
Nathan J. Buikema
Aaron Nevel
175 North Franklin St. Suite 201
Chicago, Illinois 60606
(312) 357-1125
Pleadings@nevellaw.com
MO
# 16-02777